IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT EARL ALEXANDER,

                Plaintiff,

v.

DR. ENGLISH,

                Defendant.

ORDER

22-cv-178-jdp

---

Pro se plaintiff Robert Earl Alexander has filed a motion in which he responds to the court's order asking him to state the dates on which he's available for trial, and in which he requests appointment counsel. Dkt. 46. The court will deny without prejudice Alexander's request for appointment of counsel, and it will give him two more weeks to file a notice in which he picks trial dates.

A party requesting assistance in recruiting counsel must show three things: (1) he cannot afford to hire a lawyer, 28 U.S.C. § 1915(e)(1); (2) he made reasonable efforts on his own to find a lawyer to represent him, *Jackson v. Cty. of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992); and (3) the legal and factual difficulty of the case exceeds his ability to prosecute it, *Pruitt v. Mote*, 503 F.3d 647, 654–55 (7th Cir. 2007) (en banc).

The court declines to assist Alexander in recruiting counsel at this time. As a starting point, this court would find a volunteer attorney for every pro se litigant if enough lawyers were available to do this, but they're not. This court receives over 200 new pro se lawsuits every calendar year, but only 15 to 20 attorneys are willing to take such cases, and they don't even take one case every year. So, the court is forced to marshal this scarce resource.

Alexander has met the first requirement because the court granted his motion to proceed in forma pauperis. As for the second requirement, this court generally requires plaintiffs to submit letters from at least three attorneys to whom they have written and who have refused to take the case. Because Alexander hasn't submitted any such letters, he hasn't met the second requirement.

Regarding the third element, Alexander contends that the case involves complex medical issues, but the court allowed him to proceed on claims involving the failure to prescribe certain pain medication and to refer him to specialists. At the pleading stage, these issues aren't overly technical, and it is too early to tell whether this case will end up involving issues that are too difficult for Alexander to handle himself. Alexander also contends that he needs counsel because of his deafness, but that condition hasn't stopped him from litigating this case so far. Further, although this is not an immediate concern, for Alexander's benefit I note that if this lawsuit makes it to trial, then the court *can* accommodate Alexander's deafness in a courtroom.

The court denies Alexander's request for assistance in recruiting counsel without prejudice. If Alexander later wishes to renew it, then he will have to cure the problems identified in this order. If he doesn't, then the court may summarily deny that motion.

Next, Alexander contends that he couldn't pick trial dates because, among other reasons, the court didn't rule on his earlier request for counsel. The court doesn't agree that there is a barrier to Alexander picking from the dates it gave him, and Alexander should have a great deal of availability because he's incarcerated. Having said that, the court will give Alexander two more weeks to report *all* of the dates on which he is available for trial among these dates: November 4, 2024; December 2, 2024; January 6, January 13, and January 27, 2025; February 3, February 10, February 18 (Tuesday) and February 24, 2025. Alexander must

also specify any preferences he may have regarding the available trial dates. If Alexander doesn't timely file this notice, then the court will select a trial date without his input.

ORDER

IT IS ORDERED that:

1. Plaintiff's motion for assistance in recruiting counsel, Dkt. 46, is DENIED WITHOUT PREJUDICE.

2. Plaintiff's notice picking trial dates is due by December 11, 2023.

3. The clerk of court is directed to send plaintiff a copy of this order.

Entered November 27, 2023.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge