IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT EARL ALEXANDER,

                                    Plaintiff,                                    ORDER

           v.

                                                                                22-cv-178-jdp
SARA ENGLISH,

                                    Defendant.

---

Plaintiff Robert Alexander, without counsel, is proceeding on claims that defendant Sara English, a doctor at Dodge Correctional Institution, denied him pain relief and provided inadequate medical care related to his jaw, foot, and eye conditions, in violation of his Eighth Amendment rights.

The parties have filed four motions:

First, Alexander asks the court to return the more than 200 pages of statutes and regulations that he mailed to the court in February, and to give him a further extension of time to file his response brief to English's motion for partial summary judgment. Dkt. 69. Alexander says that the statutes and regulations he mailed to the court were his only copy of those documents and that he needs them to respond to English's motion.

I will grant his motion, but only in part. I will have the clerk of court send Alexander a copy of these documents.  Alexander should make copies of documents before sending them to the court. But I will not give Alexander another extension of time to file his response. Alexander has not explained why he needs these statutes and regulations to respond to English's motion, which concerns whether Alexander exhausted his administrative remedies for his medical care claims. Alexander has received multiple extensions of time to file his response brief, Dkt. 60

and Dkt. 62, and has not provided an adequate reason why he needs a further extension. I will decide the motion for partial summary judgment in a separate opinion without Alexander's input.

Second, Alexander moves for an injunction ordering the prison librarian to provide him with free copies of certain filings that Alexander made in this case. Dkt. 64. Alexander states that the prison has provided free copies before. Alexander does not explain what he means by free copies, but he does not say that the librarian has failed to return his documents after filing, or that the librarian has failed to e-file his documents. I will deny Alexander's motion because I see no basis to think that the librarian is impeding Alexander's access to the court.

Third, English asks the court to decide Alexander's motion for sanctions, Dkt. 59, without holding the evidentiary hearing scheduled for April 30, 2024. Dkt. 70. English contends that (1) the court cannot sanction English for the alleged racial harassment of others who are not defendants in this case; and (2) the alleged racial harassment did not occur. I will deny the motion. If the alleged racial harassment is affecting Alexander's ability to litigate this case, I may issue an appropriate order to protect his ability to do so. Determining whether the alleged racial harassment occurred is the purpose of the evidentiary hearing.

Fourth, English asks the court to allow her and Officers Lyle Rickert and Curtis Visser to appear by video conference at the April 30 hearing. Dkt. 75. I will deny the motion. Rickert and Visser will need to appear in person because assessing their credibility is essential to determining whether the alleged racial harassment occurred, and because Alexander has communication needs that will be difficult to accommodate if the witnesses are not physically present in the courtroom. English may appear if she wishes, but does not need to, because Alexander has not alleged that she participated in or witnessed the alleged racial harassment.

ORDER

IT IS ORDERED that:

1.  Plaintiff's motion for the court to return the statutes and regulations he mailed and for an extension of time to file his response brief, Dkt. 69, is GRANTED in part and DENIED in part. The clerk of court is ordered to mail plaintiff a copy of the documents in Dkt. 52-1 and Dkt. 52-2. Plaintiff's motion for an extension of time to file his response brief is DENIED.

2.  Plaintiff's motion for an injunction ordering the prison librarian to provide copies of his e-filings, Dkt. 64, is DENIED.

3.  Defendants' motion asking the court to decide Alexander's motion for sanctions without a hearing, Dkt. 70, is DENIED.

4.  Defendants' motion to appear by videoconference at the April 30 evidentiary hearing, Dkt. 75, is DENIED.

Entered April 17, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge