IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT EARL ALEXANDER,

Plaintiff,

v.

SARA ENGLISH,

Defendant.

ORDER

22-cv-178-jdp

---

Plaintiff Robert Alexander, without counsel, has filed a motion with several requests and questions for the court. Dkt. 87.

First, Alexander mistakenly states that my order in Dkt. 82 gave him until June 24, 2024, to submit his declaration on allegations of racial harassment. That order gave him until May 14, 2024, to submit his declaration. The order extended the dispositive motions deadline, which is the deadline to submit motions for summary judgment, to June 24, 2024. Because Alexander will likely not receive this clarification until after the May 14 deadline, I will provide him with a short extension to submit his declaration. Alexander's deadline to submit his declaration describing his account of his allegations of racial harassment by Sgt. Rickert and Officer Visser is now May 20, 2024. There will be no further extensions.

Second, Alexander asks whether the court received the letter he submitted as evidence from Inmate Bell. The court did receive that letter and it is docketed as Dkt. 84.

Third, Alexander asks for a transcript of the evidentiary hearing the court held on April 30, which he says he needs to write his declaration. That motion is DENIED. Alexander needs to submit a declaration describing in detail the facts of the racial harassment he experienced

from Sgt. Rickert and Officer Visser. Because his declaration concerns his own allegations, he does not need the transcript from the April 30 hearing to write his declaration.

Fourth, Alexander moves to compel the defendant to produce copies of every incident report and conduct report that Sgt. Rickert and Officer Visser have written related to Alexander. That motion is DENIED, because that request is beyond the scope of Alexander's harassment allegations. Further, Alexander already had an opportunity to submit exhibits related to his allegations at the April 30 hearing. His only task now is to submit his declaration describing his account of the racial harassment.

Fifth, Alexander states that prison officials have denied him access to his electronics, including his typewriter, until May 17, 2024. If Alexander is asking the court to compel prison officials to let him use a typewriter, that motion is DENIED. Alexander wrote this filing by hand, and he doesn't say that he is unable to write other court filings by hand. So any restriction against using a typewriter doesn't prevent Alexander from accessing the courts. If he can't access a typewriter, Alexander should write his declaration by hand.

ORDER

IT IS ORDERED that:

1.  Plaintiff's deadline to submit a declaration describing his account of the allegations of racial harassment by Officer Visser and Sgt. Rickert is extended to May 20, 2024.

2.  Plaintiff's motion for a transcript of the April 30 evidentiary hearing, Dkt. 87, is DENIED.

3.  Plaintiff's motion to compel defendants to produce copies of conduct and incident reports by Officer Visser and Sgt. Rickert, Dkt. 87, is DENIED.

4.  Plaintiff's motion to compel prison officials to let him use a typewriter, Dkt. 87, is DENIED.

5.  Counsel for defendants is ordered to transmit a copy of this order to Plaintiff so that he receives it no later than Monday, May 13, 2024.

Entered May 10, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

3