IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT EARL ALEXANDER,

                     Plaintiff,

  v.                                                               ORDER

SARA ENGLISH,                                              22-cv-178-jdp

                     Defendant.

---

      Plaintiff Robert Alexander, proceeding without counsel, asserts that defendant Sara English, a doctor at Dodge Correctional Institution, denied him pain relief and provided inadequate medical care in violation of his Eighth Amendment rights. In June 2024, I dismissed this case as a sanction against Alexander for repeatedly making false statements to the court. Alexander filed a notice of appeal, contending that it was inappropriate for me to dismiss this case as a sanction. This order addresses three motions.

      First, Alexander moves to proceed in forma pauperis on appeal. I will grant that motion. Alexander's trust fund account statement shows that he is unable to prepay the full appellate filing fee, and I decline to certify that the appeal "is not taken in good faith." 28 U.S.C. § 1915(a)(3). Under § 1915(b)(1), Alexander must make an initial partial payment of the appellate fee, which the court has calculated as $2.17. Alexander may have until February 28, 2025, to make the initial partial payment by check or money order.

      Second, Alexander moves for a temporary restraining order and a hearing asking the court to require prison officials to accommodate his inability to hear and speak. Dkt. 114. Alexander says that prison officials required him to have his hearing tested and, when Alexander refused, they took away the whiteboard he uses to communicate. Alexander cites an

order I issued in June 2021 in case number 17-861-jdp, in which I ordered the prison to accommodate Alexander's communication difficulties in future proceedings in this court. But my June 2021 order applied only to activities related to Alexander's federal lawsuits. I did not prevent the prison from requiring Alexander to undergo testing or provide other documentation supporting his disabilities.

In the third motion, Alexander says that prison officials, including defendant English, refused to order him a necessary CAT scan and ignored Alexander's medical restrictions. Dkt. 116. These allegations are unrelated to Alexander's claim that English denied him pain relief and provided him inadequate care for his jaw, foot, and eye conditions. I have previously told Alexander that he may not use motions for temporary restraining orders to bring new claims. *E.g.*, Dkt. 308 in case number 17-cv-861-jdp. If Alexander wishes to bring these new allegations, he must do so in a separate lawsuit.

ORDER

IT IS ORDERED that:

1. Alexander's motion to proceed in forma pauperis on appeal, Dkt. 110, is GRANTED. Alexander may have until March 7, 2025, to make the initial partial payment of $2.17 by check or money order.

2. Alexander's motions for a temporary restraining order and for an evidentiary hearing, Dkt. 114 and Dkt. 116, are DENIED.

Entered February 7, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge