IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ROBERT EARL ALEXANDER,

                Plaintiff,

    v.

MCKALA NITZKE, CAPT. DEDERING,
PATRICK J. MURPHY, KELLY PELKY,
ANGELA HOFFMAN, WILLIAM BORGEN,
JULIE LUDWIG, CORINA LUTZ-DUAL,
RONNELLE VAN PAY, MISTI MCCULLEY, and
KAYA LUECK,

                Defendants.

OPINION and ORDER

25-cv-574-jdp

Plaintiff Robert Earl Alexander, proceeding without counsel, is suing multiple prison staff members and medical practitioners for failing to recognize that his cancer had returned and provide him with appropriate cancer treatment. I have not yet screened Alexander's complaint under 28 U.S.C. §§ 1915 and 1915A. This order addresses four issues raised in preliminary motions filed by Alexander.

First, Alexander asks whether the court received his trust fund account statement. Dkt. 6. The court did receive that statement, Dkt. 4, and it assessed an initial partial payment of $41.47, which the court has not yet received from Alexander. I will extend Alexander's deadline to submit his initial partial payment to October 1, 2025.

Alexander's question about his trust fund account statement raises a second issue, which is whether Alexander is receiving mail from this court. Several months ago in a different case, Alexander told the court that he was not receiving his legal mail because prison staff had refused to inform him in writing that he had legal mail from this court. Dkts. 116–28 in case. no. 22-cv-178-jdp. Alexander has a professed inability to hear and speak, but he has declined

testing to confirm that disability, so prison staff have denied him accommodations, including communication in writing. In two motions in this case, Alexander has again asked the court to require prison staff to communicate with him in writing, Dkt. 7 and Dkt. 8. These motions suggest that the communication problems the court addressed several months ago in the '178 case are still a problem.

I will take the same approach to the communication issue that I took in the '178 case. 22-cv-178, Dkt. 128. I will not issue a general order requiring prison staff to communicate with Alexander in writing because that is beyond the scope of this lawsuit. *See Id.* Dkt. 117. But I will require prison staff to inform Alexander in writing when he has legal mail from this court. I will also have the clerk of court file a copy of this order in the '178 case and will order defense counsel in that case to inform prison staff about this order. This is the most efficient way to ensure compliance with this order, because defendants have not yet been served and Alexander could not ensure that they are served if he is not receiving mail from this court.

Third, Alexander moves for an order requiring prison officials to "give Plaintiff all his legal papers/materials." Dkt. 7. This issue also appears to be a repeat of an issue the court addressed several months ago in the '178 case. 22-cv-178, Dkt. 142. At that time, the state said that it had retained multiple boxes of legal paperwork because Alexander was over the allowable limit of 12 boxes, but it offered to make all the boxes available to Alexander temporarily so he could choose what to keep and what to discard. Alexander does not explain in his new motion what legal materials prison staff are now keeping from him, but based on his previous motions in the '178 case, I take Alexander to be asking the court to require prison staff to let him keep legal materials in excess of the 12-box limit. That motion is denied. The state previously allowed Alexander to sort through his legal materials and decide what was

relevant to his pending cases. It is implausible that the 12-box limit is preventing Alexander from accessing the legal materials he needs to prosecute his pending cases.

Fourth, Alexander moves to amend his complaint. Dkt. 7. But he didn't submit a proposed amended complaint with his motion, nor did he explain in his motion how he wants to amend his complaint. The motion to amend is denied without prejudice. If Alexander wishes to amend his complaint, he must file an entirely new complaint that replaces his original complaint. If he does so, I will consider his motion to amend at that time.

ORDER

IT IS ORDERED that:

1. Alexander's deadline to submit his initial partial payment of $41.47 is extended to October 1, 2025.

2. Alexander's motion for prison staff to communicate with him in writing, Dkt. 8, is GRANTED in part and DENIED in part. Prison staff must communicate with Alexander in writing when he has legal mail from this court. The clerk of court is directed to file a copy of this order in case no. 22-cv-178-jdp, and defense counsel in that case are ordered to inform prison staff about this requirement.

3. Alexander's motion for an order requiring prison staff to give him all his legal papers, Dkt. 7, is DENIED.

4. Alexander's motion to amend his complaint, Dkt. 7, is DENIED without prejudice.

Entered September 3, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge